# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

DERRICK OMARO,

                          Plaintiff,

-vs-                                  DECISION and ORDER

GLENN GOORD, et al.,                        06-CV-6141-CJS

                          Defendant.

---

## APPEARANCES

| | |
|---|---|
| For Plaintiff: | Derrick R. Omaro 92A0608, *pro se* |
| | Auburn Correctional Facility |
| | P.O. Box 618 |
| | Auburn, NY 13024 |
| For Defendant: | Benjamin A. Bruce, A.A.G. |
| | New York State Attorney General's Office |
| | 144 Exchange Boulevard |
| | Suite 200 |
| | Rochester, NY 14614 |

## INTRODUCTION

**Siragusa, J.** Plaintiff, now an inmate at Auburn Correctional Facility, has brought suit against six defendants in regards to a disciplinary hearing that occurred while he was an inmate at Elmira Correctional Facility ("Elmira"). He has also brought suit against a nurse for treatment he later received while being held in Elmira's Special Housing Unit ("SHU"). Defendants have filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For reasons discussed below, Defendants' motion is granted in part and denied in part.

## BACKGROUND

Derrick R. Omaro ("Plaintiff"), a prisoner at Auburn Correctional Facility, filed a lawsuit under 42 U.S.C. § 1983 against Glenn Goord ("Goord"), Former Commissioner, New York State Department of Correctional Services ("DOCS"); Donald Selsky ("Selsky"), Director, Inmate Disciplinary Program, DOCS; Calvin West ("West"), Former Superintendent, Elmira; John Burge ("Burge"), Superintendent, Elmira; Larry Pocobello ("Pocobello"), Industrial Superintendent, Elmira; MaryJon Hopkins ("Hopkins"), Nurse Administrator, Elmira; and John Hughes ("Hughes"), Corrections Officer, Elmira. This suit concerns occurrences that took place while Plaintiff was a prisoner at Elmira in late 2004 and early 2005.

Plaintiff alleges that on November 19, 2004, his cell was searched and several items were found that constituted DOCS rule violations. (Pl.'s Brief in Support of Partial Summary Judgment 1.) Plaintiff alleges that Hughes violated his constitutional right to due process because the incident report Hughes wrote did not provide the amount of detail DOCS requires. (Compl. at 14.) On November 26, 2004, Pocobello began a hearing to determine Plaintiff's culpability. (Def.'s Ex. F.) On December 7, 2004, Pocobello found Plaintiff guilty of possessing altered items, excessive bedding, as well as unauthorized exchange, and stealing. (Def.'s Ex. I.) Plaintiff maintains that Pocobello did not permit him to call witnesses who would have provided exculpatory evidence. (Compl. at 5.)[1]

Plaintiff was sentenced to ninety days in the SHU. *Id.* Plaintiff submitted his request for an appeal shortly after his hearing, and his request for an appeal is time-stamped

---

[1] The Complaint's pagination is off: it starts on page 5, continues on pages 2-3, moves ahead to page 6, then back to 4, continues through 17, and ends on 7.

December 13, 2004. (Def.'s Ex. L.) However, Selsky did not reverse Pocobello's decision until January 18, 2006. (*Id.* Ex. S.)[2] Plaintiff maintains that although Goord, West, and Burge were not directly involved in the length of time it took Selsky to hear Plaintiff's appeal, they are ultimately responsible. (Compl at 6, 7, 11.)

Plaintiff asserts that while in SHU, Hopkins refused to give him either medication for his back pain, or provide him with a TENS unit. Hopkins was the Nurse Administrator of Elmira's SHU, and Plaintiff wrote letters to her explaining his need for medication. Plaintiff claims to have suffered extreme pain as a result. (Compl. at 12-13.)

**ANALYSIS**

*Summary Judgment*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 James Wm. Moore, et al., MOORE'S FEDERAL PRACTICE § 56.11[1][a] (3d ed. 2009). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *See Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir.2001); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 898 (3d Cir.1987)

---

[2] Despite Plaintiff's claim, January 18, 2006 was not two years after December 7, 2004. Rather, it was thirteen months, eleven days.

(*en banc*). Where the nonmoving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Once the movant's burden has been met, the burden shifts to the nonmoving party, which in its response must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is "material" only if the fact has some affect on the outcome of the suit. *Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir.1998). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue exists as to a material fact, the court must view underlying facts contained in affidavits, attached exhibits, and depositions in the light most favorable to the nonmoving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, the court must draw all reasonable inferences and resolve all ambiguities in favor of the nonmoving party. *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993); *Anderson*, 477 U.S. at 248-49; *Doe v. Dep't of Pub. Safety ex rel. Lee*, 271 F.3d 38, 47 (2d Cir.2001), *rev'd on other grounds*; *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1 (2003). However, a summary judgment motion will not be defeated on the basis of conjecture or surmise or merely upon a "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.1991) (*citing Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Knight v. United States Fire Ins. Co.*, 804 F.2d 9 (2d Cir.1986). Since Plaintiff is proceeding *pro se*, the Court is required to construe

his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

In support of his summary judgment motion, Pocobello draws the Court's attention to the fact that Plaintiff has not identified the witnesses he claims Pocobello refused to allow to testify. In response to Pocobello's motion, Plaintiff has provided the Court with *no information* about these witnesses, beyond his contention that their testimony at the hearing would have exculpated him. The transcript of the initial hearing indicates that Plaintiff requested three witnesses—Cross, Durham, and Schermerhorn— and asked for two more whom he could not identify. (Def.'s Ex. F.) The record sheet of the hearing shows that five witnesses testified: the three named above, as well as inmates McCullough, and Roberts. (Def.'s Ex. I.) There is no evidence in the record that Plaintiff asked for a sixth and seventh witness.

To avoid summary judgment, however, the nonmovant must provide *specific facts* to show there is a genuine issue of material fact, and Plaintiff may not rely merely on the allegations contained in his own pleading. Fed. R. Civ. P. 56(e)(2). Even construing Plaintiff's submissions liberally and drawing all inferences in his favor, he is nevertheless unable to raise a triable issue of fact in regards to Pocobello. Accordingly, Poccobello's motion for summary judgment is granted pursuant to Rule 56(c). Fed. R. Civ. P. 56(c).

***Due Process: Misbehavior Report***

"[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." *Sandin v. Conner*, 515 U.S. 472, 482 (1995) (citing *Wolff v. McDonnell*, 418 U.S. 539, 561-63 (1974) *Hewitt v. Helms*, 459 U.S. 460, 470-71 (1983); *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125

(1977)). "Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life, a common subject of prisoner claims...." *Id.*

>The Second Circuit recently held:
>
>[T]o comport with procedural due process, an inmate charged with a violation in a disciplinary hearing must be given: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563-67). Indeed, we have stressed that, in the context of such proceedings, "the *only* process due an inmate is that minimal process guaranteed by the Constitution, as outlined in *Wolff*." *Shakur v. Selsky*, 391 F.3d 106, 119 (2d Cir. 2004) (emphasis in original).

*Williams v. Menifee*, No. 07-1439-pr, 2009 U.S. App. LEXIS 11848, 2009 WL 1532283 (2d Cir. June 3, 2009). Plaintiff asserts that Hughes violated his due process rights by writing a misbehavior report that fell short of the standards set forth in 7 N.Y.C.R.R. § 251-3.1(c)(1) and (2), which in pertinent part states:

>(c) The misbehavior report shall include the following:
>
>>(1) a written specification of the particulars of the alleged incident of misbehavior involved;
>>
>>(2) a reference to the inmate rule book number allegedly violated by the inmate, and a brief description of the rule ....

7 N.Y.C.R.R. § 251-3.1(c)(1), (2) (2009). A misbehavior report that includes the date, time, and location of his alleged violation; the rule allegedly violated along with a brief description of that rule; and a summary of the incident provides an inmate with sufficient notice. *Johnson v. Goord*, 305 Fed. Appx. 815, 817 (2d Cir. 2009). Hughes' misbehavior report includes all of these details. (Def.'s Ex. A.) Therefore, it provided Plaintiff with sufficient notice of the charges. Consequently, Plaintiff has not raised a triable issue of fact, and

Hughes's motion for summary judgment is granted pursuant to Rule 56(c). Fed. R. Civ. P. 56(c).

### Civil Rights Claims: 42 U.S.C. § 1983

Plaintiff is suing pursuant to 42 U.S.C. § 1983, and the legal principles applicable to such claims are well settled:

> In order to establish individual liability under § 1983, a plaintiff must show (a) that the defendant is a "person" acting "under the color of state law," and (b) that the defendant caused the plaintiff to be deprived of a federal right. See, e.g., Monroe v. Pape, 365 U.S. 167 (1961). Additionally, "[i]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir.1977).
>
> ***
>
> An individual cannot be held liable for damages under § 1983 "merely because he held a high position of authority," but can be held liable if he was personally involved in the alleged deprivation. See Black v. Coughlin, 76 F.3d 72, 74 (2d Cir.1996). Personal involvement can be shown by: evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference ... by failing to act on information indicating that unconstitutional acts were occurring. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir.1995).

Back v. Hastings On Hudson Union Free Sch. Dist., 365 F.3d 107, 122, 127 (2d Cir. 2004). Plaintiff may not, however, rely on the doctrine of respondeat superior to establish liability under § 1983, Monell v. New York City Department of Social Services, 436 U.S. 658, 691-96, but must show that a defendant was personally involved in a constitutional deprivation. Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997).

Plaintiff has not provided the Court any facts that might show how Goord, West, or Burge directly violated his constitutional rights. Plaintiff only argues that these three defendants were "ultimately responsible" for the slowness of his appeal. (Compl at 6, 7, 11.) Since *Respondeat superior* does not apply to § 1983 cases, *Monell* 436 U.S. at 691-96, it follows that, even when drawing all facts and inferences in Plaintiff's favor, he has not raised a triable issue of fact. Summary judgment is granted as to Goord, West, and Burge pursuant to Rule 56(c). Fed. R. Civ. P. 56(c).

### *Due Process: Untimely Appeal*

Plaintiff contends that the length of time he had to wait for his appeal to be heard violated 7 N.Y.C.R.R. § 254.8. In its pertinent part § 254.8 states: "Any inmate shall have the right to appeal the disposition of any superintendent's hearing, to which he was a party, to the commissioner within 30 days of receipt of the disposition. The commissioner or his designee shall issue a decision within 60 days of receipt of the appeal." 7 N.Y.C.R.R. § 254.8 (2009).

Thirteen months is well beyond the sixty day limit the regulation imposes. Moreover, Defendant's memorandum of law provides no defense or explanation as to why there was such a long delay in hearing Plaintiff's appeal. Accordingly, summary judgment for Selsky is denied.

### *Eighth Amendment: Denial of Medical Assistance*

Plaintiff alleges that Hopkins violated his Eighth Amendment rights by denying him medical treatment. The legal standard for such claims is clear:

> To state an Eighth Amendment claim for medical indifference, [Omaro] must first allege a sufficiently serious deprivation that is, "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hathaway v.*

> *Coughlin*, 37 F.3d 63, 66 (2d Cir.1994) (internal quotation marks omitted). Next, he must show that the defendant had a sufficiently culpable frame of mind, which is defined as "more than negligence, but less than conduct undertaken for the very purpose of causing harm." *Hathaway*, 37 F.3d at 66. This state of mind requires that the prison employee know facts "from which the inference could be drawn that a substantial risk of serious harm exists," and that he, in fact, draw that inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The serious medical deprivation and state of mind tests apply both to delayed or denied access claims and to inadequate medical care claims. See *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.1998) (inadequate medical care); *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir.1994) (denial and delay of care).

*Morales v. Mackalm*, 278 F.3d 126, 132-33 (2d Cir.2002). A plaintiff must demonstrate that the denial of medical assistance fell below the standards of social decency, or constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). Courts have repeatedly held that disagreements over treatment do not rise to the level of a Constitutional violation. *See Chance*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Similarly, negligence constituting medical malpractice, without more, will not establish a constitutional claim. *Id.* (citation omitted).

Plaintiff asserts that Hopkins refused to provide him with either pain medication, or a TENS unit to treat his lower back pain. (Compl. at 12.) The Court declines Defendant's invitation to find that a lower back injury cannot be a source of extreme pain within the meaning of the Eighth Amendment. (Def.'s Mem. 20). Hopkins states in her affidavit that she did not have the authority to grant Plaintiff the use of a TENS unit while he was in SHU, and that only the facility administrator had the authority to do so. (Def.'s Aff. ¶¶ 3-4.) Hopkins does not, however, deny that she refused to provide Plaintiff with his pain medication. Defendant has provided copies of three "Refusal of Medical Examination

and/or Treatment" forms in regards to Plaintiff dated December 4, 11, and 12, 2004. (Def.'s Ex. M.) These forms are not dispositive, however, since they are unsigned.

Viewing the facts in the light most favorable to the non-moving party, and drawing all inferences in Plaintiff's favor, a triable issue of fact exists as to whether Hopkins violated Plaintiff's Eighth Amendment rights by refusing to give him his pain medication. Therefore, Hopkins's motion for summary judgment is granted, in part, only with regard to whether she violated Plaintiff's Eight Amendment right by allegedly denying him the use of a TENS unit. Her motion is denied with respect to whether she violated his Eight Amendment rights by allegedly denying him pain medication. Fed. R. Civ. P. 56(c).

## CONCLUSION

Defendant's motion for summary judgment (Docket No. 34) is granted in part as to Pocobello, Goord, West, Burge, and Hughes, and the Clerk shall enter judgment in favor of those defendants. Defendant's motion is denied with respect to Selsky. Finally, it is granted in part with regard to Hopkins, but only on the issue of whether her alleged refusal to allow Plaintiff the use of a TENS unit constituted an Eighth Amendment violation. Hopkins' motion is denied with respect to Plaintiff's allegation that she refused him pain medication, thereby violating his Eighth Amendment right.

IT IS SO ORDERED.

Dated: July 17, 2009
       Rochester, New York

                ENTER:

                              /s/ Charles J. Siragusa
                              Charles J. Siragusa
                              United States District Judge